UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **ROBERTO MAZZONI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| **SYNCHRONY FINANCIAL** ) | |
| **and SYNCHRONY BANK** ) | Jury Trial Demanded |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendants Synchrony Financial and/or Synchrony Bank's (collectively "Synchrony") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"), and the state law claim of intrusion upon the solitude and/or seclusion of Plaintiff's private affairs.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because Plaintiff resides here and Defendants transact business here.

### PARTIES

4. Plaintiff Roberto Mazzoni (Plaintiff) is a natural person who resides in Jefferson County, Tennessee, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Synchrony Financial is a Delaware corporation not licensed to conduct business in Tennessee, and with a principal office located at 777 Long Ridge Road, Stamford, CT 06902. Its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE, 19801.

6. Synchrony Bank is a financial institution and wholly owned subsidiary of Synchrony Financial and not licensed to conduct business in Tennessee, which is headquartered at 170 West Election Road Suite 125 Draper, UT 84020. Upon information and belief its President is Brian Doubles and can be served at 777 Long Ridge Road, Stamford, CT 06902.

## FACTUAL ALLEGATIONS

### *TCPA Claims*

### *Calls to Plaintiff's Cell Phone in Violation of the TCPA*

7. Beginning in the middle of June 2019 Defendants began calling Plaintiff on his cell phone (865-809-0850) leaving pre-recorded messages, sometimes as often as 15 or more times a day every day of the week from several different numbers, for a total of what Plaintiff estimates is over fifteen-hundred (1500) calls.

8. The calls to Plaintiff's cell phone came from numerous toll-free telephone numbers including 877-488-3647, 855-228-9842, 866-419-9370, 866-873-5580, 855-341-9750, 866-771-1104, 855-881-0392, 855-881-0416, 844-377-4136, 800-292-7508, 866-532-0424, 855-440-1754, and other telephone numbers owned by or that have been assigned to Defendants for receiving or placing telephone calls.

9. Due to the volume of calls to Plaintiff's cell phone he asked Defendants on at least two occasions in June/July to stop calling his cell phone.

10. Further, on August 28, 2019, August 29, 2019, and August 31, 2019 Plaintiff additionally demanded Defendants to stop calling his cell phone.

11. Despite his request, Defendants continued to call his cell phone several times a day, every day of the week.

12. Plaintiff received a lot of the phone calls during work hours and was unable to answer them, or stopped answering them because he knew would not be able to make the payments they were requesting, so after his phone would ring 5-6 times, it would automatically go to voice mail and Defendants would leave their prerecorded messages.

13. Defendant left a series of at least 3 pre-recorded messages in Plaintiff's voice mailbox. Each message was of one with substantially the following form:

> "Please return our call at 1-866-419-9370. For faster service visit our website at www.mysynchrony.com. Our mailing address is 170 W Election road suite 125, draper UT 84020. Again please call 866-419-9370. This is a recording."

> "Regarding Synchrony Car Care. Please return our call at 1-866-873-5580. For faster service visit our website at www.mysychrony.com/carcare. Our mailing address is 170 W Election road suite 125, draper UT 84020. Again please call 866-873-5580. This is a recording."

> "Regarding Amazon.com Store Card. Please return our call at 1-866-771-1104. For faster service visit our website at www.syncbank.com/amazon. Our mailing address is 170 W Election road suite 125, draper UT 84020. Again please call 1-866-771-1104. This is a recording. Thank you".

14. The messages left on Plaintiff's voice mail service featured an identical cadence and timbre which suggests that each message was pre-recorded, rather than contemporaneously left by a human caller. In addition to stating the message was a recording.

15. At no time did plaintiff directly provide Defendants with his permission to call him using an automatic telephone dialing system or pre-recorded messages.

16. Plaintiff, on more than one occasion, instructed the Defendants to cease placing the prerecorded calls to his cellular phone. As consequence, whatever consent Defendants had, if any, was effectively revoked pursuant to Plaintiff's instructions.

17. The telephone number Defendants called was assigned to a cell phone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

18. Each automated call placed by Defendants to Plaintiff's cell phone was made using an "automatic telephone dialing system or an artificial or prerecorded voice" as defined by 47 U.S.C. § 227 (b)(1)(A).

19. Each automated call placed by Defendants to Plaintiff's cell phone constituted a call that was not for "emergency purposes" as defined by 47 U.S.C § 227 (b)(1)(A).

20. Plaintiff did not expressly consent to Defendants' placement of telephone calls to his cell phone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

21. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. **Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).**

18. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are

4

unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion, **Id. at § 12**; cited in **Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012)**. Congress also specifically found that:
>
>> the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….

**Id. at §§ 12-13. See also, Mims, 132 S.Ct. at 744.**

Judge Easterbrook stated it this way:

> The Telephone Consumer Protection Act (TCPA or "the Act"), **47 U.S.C. § 227**, is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

19. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. **FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).**

22. Defendants placing calls to Plaintiff's cellular telephone after having been told to stop constitutes willful and knowing violations of the TCPA.

*Summary*

23. The above-detailed conduct by Defendants was conduct in violation of multiple provisions of the TCPA including, but not limited to the above-cited provisions of the

TCPA and was an intrusion upon seclusion of the Plaintiff which has resulted in actual damages to the Plaintiff.

24. Plaintiff has suffered actual damages as a result the constant barrage of telephone calls by these Defendants in the form of monetary damages, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury. *U.S. Const. amend. 7; Fed.R.Civ.P. 38.*

## CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227 (b)(3)(B)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendants and its agents constitute numerous and multiple negligent violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

28. As a result of Defendants' negligent violations of 47 U.S.C. §§ 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

### COUNT II

## KNOWING AND/OR WILFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

31. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §§ 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III

## INTRUSION UPON SECLUSION

32. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

33. The persistent and repeated telephone calls have amounted to the level of abusive and/or harassing.

34. The persistent and repeated telephone calls are an intrusion upon the solitude and/or seclusion of Plaintiff's private affairs.

35. The Defendants' conduct is at minimum reckless, if not willful.

36. The persistent and repeated telephone calls are, or would be, highly offensive to a reasonable person.

37. Plaintiff has suffered and continues to suffer actual damages, including without limitation, out-of-pocket expenses, annoyance, aggravation, inconvenience, humiliation, embarrassment, and emotional distress.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

## COUNT I

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. §§ 227 (b)(3)(B)

- for an award of statutory damages of $500.00, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

## COUNT II

## KNOWING AND/OR WILFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. §§ 227 et seq.

- for an award of treble damages, as provided by statute, up to $1,500.00, for each and every willful and/or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

## COUNT III

## INTRUSION UPON SECLUSION

- for an award of actual damages against Defendants and for Plaintiff, in an amount to be determined at trial by a jury;
- for an award of punitive damages against Defendants and for Plaintiff, in an amount to be determined at trial by a jury;
- for such other and further relief as may be just and proper.

09/24/19                                Respectfully submitted,


**ROBERTO MAZZONI**


s/      Brent S. Snyder
Brent S. Snyder, BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com


s/      Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorneys for Plaintiff