UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERTO MAZZONI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SYNCHRONY FINANCIAL ) <br> and SYNCHRONY BANK ) <br> ) <br> Defendants. ) | Case No. 3:19-cv-00373-JRG-DCP |

## SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Synchrony Bank ("Synchrony"), by and through its undersigned counsel, files its Answer and Affirmative Defenses To Plaintiff's Complaint ("Complaint") stating as follows:

In answering the Complaint, Synchrony states that it is responding to allegations on behalf of itself, Synchrony Bank, only. Synchrony denies any and all allegations not specifically admitted herein.

### AS TO INTRODUCTION

1. **This action arises out of Defendants Synchrony Financial and/or Synchrony Bank's (collectively "Synchrony") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"), and the state law claim of intrusion upon the solitude and/or seclusion of Plaintiff's private affairs.**

**ANSWER:** The allegations set forth in Paragraph 1 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 1. By way of further response, Synchrony denies that Plaintiff is entitled to any

relief claimed in the Complaint, or any relief whatsoever.

## AS TO JURISDICTION AND VENUE

**2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.**

**ANSWER:** The allegations set forth in Paragraph 2 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony admits that this Court has jurisdiction over Plaintiff's claims.

**3.     Venue is proper in this District because Plaintiff resides here and Defendants transact business here.**

**ANSWER:** The allegations set forth in Paragraph 3 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies that venue is proper in this district.

## AS TO PARTIES

**4.     Plaintiff Roberto Mazzoni (Plaintiff) is a natural person who resides in Jefferson County, Tennessee, and is a "person" as defined by 47 U.S.C. § 153(39).**

**ANSWER:** The allegations set forth in Paragraph 4 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies the allegations.

**5.     Synchrony Financial is a Delaware corporation not licensed to conduct business in Tennessee, and with a principal office located at 777 Long Ridge Road, Stamford, CT 06902. Its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE, 19801.**

**ANSWER:** In response to Paragraph 5, Synchrony admits only that Synchrony Financial is its parent entity and that its principal office is at 777 Long Ridge Road, Stamford, CT 06902. Synchrony denies any remaining allegations in Paragraph 5.

6. **Synchrony Bank is a financial institution and wholly owned subsidiary of Synchrony Financial and not licensed to conduct business in Tennessee, which is headquartered at 170 West Election Road Suite 125 Draper, UT 84020. Upon information and belief its President is Brian Doubles and can be served at 777 Long Ridge Road, Stamford, CT 06902.**

**ANSWER:** In response to Paragraph 6, Synchrony admits only that it is a wholly owned subsidiary of Synchrony Financial. By way of further response, Synchrony responds that it is a federally chartered savings institution with its charter home office located at 170 West Election Road, Suite 125, Draper, Utah 84020. Synchrony denies any remaining allegations in Paragraph 6.

## AS TO FACTUAL ALLEGATIONS

7. **Beginning in the middle of June 2019 Defendants began calling Plaintiff on his cell phone (865-809-0850) leaving pre-recorded messages, sometimes as often as 15 or more times a day every day of the week from several different numbers, for a total of what Plaintiff estimates is over fifteen-hundred (1500) calls.**

**ANSWER:** In response to Paragraph 7, Synchrony admits that it attempted to contact Plaintiff via telephone concerning several of his Synchrony Bank credit cards with delinquent balances. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, therefore, denies the allegations.

8. **The calls to Plaintiff's cell phone came from numerous toll-free telephone numbers including 877-488-3647, 855-228-9842, 866-419-9370, 866-873-5580, 855-341-9750, 866-**

**771-1104, 855-881-0392, 855-881-0416, 844-377-4136, 800-292-7508, 866-532-0424, 855-440-1754, and other telephone numbers owned by or that have been assigned to Defendants for receiving or placing telephone calls.**

**ANSWER:** Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the allegations.

9. **Due to the volume of calls to Plaintiff's cell phone he asked Defendants on at least two occasions in June/July to stop calling his cell phone.**

**ANSWER:** Synchrony denies the allegations in Paragraph 9. By way of further response, Synchrony has no record of communicating with Plaintiff in June or July of 2019.

10. **Further, on August 28, 2019, August 29, 2019, and August 31, 2019 Plaintiff additionally demanded Defendants to stop calling his cell phone.**

**ANSWER:** In response to Paragraph 10, Synchrony admits only that connected calls occurred with Plaintiff on August 28 and August 29, 2019. Synchrony denies the remaining allegations in Paragraph 10.

11. **Despite his request, Defendants continued to call his cell phone several times a day, every day of the week.**

**ANSWER:** Synchrony denies the allegations in Paragraph 11.

12. **Plaintiff received a lot of the phone calls during work hours and was unable to answer them, or stopped answering them because he knew would not be able to make the payments they were requesting, so after his phone would ring 5-6 times, it would automatically go to voice mail and Defendants would leave their prerecorded messages.**

**ANSWER:** Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies the allegations.

13. **Defendant left a series of at least 3 pre-recorded messages in Plaintiff's voice mailbox. Each message was of one with substantially the following form:**

   > "Please return our call at 1-866-419-9370. For faster service visit our website at www.mysynchrony.com. Our mailing address is 170 W Election road suite 125, draper UT 84020. Again please call 866-419-9370. This is a recording."

   > "Regarding Synchrony Car Care. Please return our call at 1-866-873-5580. For faster service visit our website at www.mysychrony.com/carcare. Our mailing address is 170 W Election road suite 125, draper UT 84020. Again please call 866-873-5580. This is a recording."

   > "Regarding Amazon.com Store Card. Please return our call at 1-866-771-1104. For faster service visit our website at www.syncbank.com/amazon. Our mailing address is 170 W Election road suite 125, draper UT 84020. Again please call 1-866-771-1104. This is a recording. Thank you".

   **ANSWER:** Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies the allegations.

14. **The messages left on Plaintiff's voice mail service featured an identical cadence and timbre which suggests that each message was pre-recorded, rather than contemporaneously left by a human caller. In addition to stating the message was a recording.**

   **ANSWER:** Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies the allegations.

15. **At no time did plaintiff directly provide Defendants with his permission to call him using an automatic telephone dialing system or pre-recorded messages.**

   **ANSWER:** Synchrony denies the allegations in Paragraph 15. By way of further response, Synchrony denies that it uses an automatic telephone dialing system, or "ATDS", as that term is defined in the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq.

16. **Plaintiff, on more than one occasion, instructed the Defendants to cease placing the prerecorded calls to his cellular phone. As consequence, whatever consent Defendants had, if any, was effectively revoked pursuant to Plaintiff's instructions.**

ANSWER: Synchrony denies the allegations in Paragraph 16.

17. **The telephone number Defendants called was assigned to a cell phone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).**

ANSWER: Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies the allegations.

18. **Each automated call placed by Defendants to Plaintiff's cell phone was made using an "automatic telephone dialing system or an artificial or prerecorded voice" as defined by 47 U.S.C. § 227 (b)(1)(A).**

ANSWER: The allegations set forth in Paragraph 18 constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations in Paragraph 18. By way of further response, Synchrony denies that it uses an automatic telephone dialing system, or "ATDS", or "artificial or prerecorded voice" as those terms are defined in the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq.

19. **Each automated call placed by Defendants to Plaintiff's cell phone constituted a call that was not for "emergency purposes" as defined by 47 U.S.C § 227 (b)(1)(A).**

ANSWER: The allegations set forth in Paragraph 18 constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations in Paragraph 19.

20. **Plaintiff did not expressly consent to Defendants' placement of telephone calls to his**

cell phone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

**ANSWER:** The allegations set forth in Paragraph 20 constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations in Paragraph 20.

**21. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).**

**ANSWER:** In response to Paragraph 21, Synchrony answers that to the extent the allegations reference an opinion of the Federal Communications Commission ("FCC"), the plain text of the opinion speaks for itself: Synchrony denies the allegations to the extent Plaintiff misquotes, misstates, mischaracterizes, misrepresents or takes out of context the content of the quoted FCC opinion, and denies any remaining allegations in Paragraph 21. By way of further response, Synchrony denies the allegations to the extent that the quoted FCC order was overturned by *ACA Int'l v. Fed. Communications Comm'n*, 885 F.3d 687 (D.C. Cir. 2018).

**18. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.**

TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion, Id. at § 12; cited in Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012). Congress also specifically found that:
>
> the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….

Id. at §§ 12-13. See also, Mims, 132 S.Ct. at 744.

Judge Easterbrook stated it this way:

> The Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. § 227, is well known for its provisions limiting junk-fax transmissions. A less- litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).[1]

**ANSWER:** In response to this Paragraph, Synchrony answers that to the extent the allegations reference unrelated judicial opinions and/or statutes, the plain text of the judicial opinions and/or statutes speak for themselves: Synchrony denies the allegations to the extent Plaintiff misquotes, misstates, mischaracterizes, misrepresents or takes out of context the content of the quoted opinions and/or statutes, and denies any remaining allegations in this Paragraph.

19. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent

---

[1] This Answer follows the numbering used by Plaintiff in his Complaint.

**within the meaning of the statute. FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).**

**ANSWER:** In response to this Paragraph, Synchrony answers that to the extent the allegations reference an opinion of the Federal Communications Commission ("FCC"), the plain text of the opinion speaks for itself: Synchrony denies the allegations to the extent Plaintiff misquotes, misstates, mischaracterizes, misrepresents or takes out of context the content of the quoted FCC opinion, and denies any remaining allegations this Paragraph.  By way of further response, Synchrony responds that Plaintiff provided express consent to call the subject number on multiple occasions.

22. **Defendants placing calls to Plaintiff's cellular telephone after having been told to stop constitutes willful and knowing violations of the TCPA.**

**ANSWER:** The allegations set forth in Paragraph 22 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 22.

23. **The above-detailed conduct by Defendants was conduct in violation of multiple provisions of the TCPA including, but not limited to the above-cited provisions of the TCPA and was an intrusion upon seclusion of the Plaintiff which has resulted in actual damages to the Plaintiff.**

**ANSWER:** The allegations set forth in Paragraph 23 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 23.  By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

24. **Plaintiff has suffered actual damages as a result the constant barrage of telephone calls by these Defendants in the form of monetary damages, anger, anxiety, emotional**

**distress, fear, frustration, upset, humiliation, and embarrassment, as well as suffering from unjustified and abusive invasions of personal privacy.**

**ANSWER:** The allegations set forth in Paragraph 24 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 24. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

## AS TO TRIAL BY JURY

25. **Plaintiff is entitled to and hereby respectfully demands a trial by jury.** *U.S. Const. amend. 7; Fed.R.Civ.P. 38.*

**ANSWER:** In response to Paragraph 25, Synchrony answers that the disputes alleged in the Complaint are controlled by valid and binding arbitration provisions contained within each of the governing account agreements for Plaintiff's Synchrony credit card accounts, and accordingly Plaintiff has waived his right to a trial by jury.

## AS TO CAUSES OF ACTION

## AS TO COUNT I

26. **Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**ANSWER:** Synchrony incorporates by reference its responses to the preceding Paragraphs of its Answer as though fully stated herein.

27. **The foregoing acts and omissions of Defendants and its agents constitute numerous and multiple negligent violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.**

**ANSWER:** The allegations set forth in Paragraph 27 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 27. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

28. **As a result of Defendants' negligent violations of 47 U.S.C. §§ 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).**

**ANSWER:** The allegations set forth in Paragraph 28 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 28. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

## AS TO COUNT II

29. **Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**ANSWER:** Synchrony incorporates by reference its responses to the preceding Paragraphs of its Answer as though fully stated herein.

30. **The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.**

**ANSWER:** The allegations set forth in Paragraph 30 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 30. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

31. **As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §§ 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).**

**ANSWER:** The allegations set forth in Paragraph 31 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 31. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

## AS TO COUNT III

32. **Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.**

**ANSWER:** Synchrony incorporates by reference its responses to the preceding Paragraphs of its Answer as though fully stated herein.

33. **The persistent and repeated telephone calls have amounted to the level of abusive and/or harassing.**

**ANSWER:** The allegations set forth in Paragraph 33 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

34. **The persistent and repeated telephone calls are an intrusion upon the solitude and/or seclusion of Plaintiff's private affairs.**

**ANSWER:** The allegations set forth in Paragraph 34 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

35. **The Defendants' conduct is at minimum reckless, if not willful.**

**ANSWER:** The allegations set forth in Paragraph 35 constitute conclusions of law to which no

response is required. To the extent that a response is required, Synchrony denies the allegations.

**36.    The persistent and repeated telephone calls are, or would be, highly offensive to a reasonable person.**

**ANSWER:** The allegations set forth in Paragraph 36 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

**37.    Plaintiff has suffered and continues to suffer actual damages, including without limitation, out-of-pocket expenses, annoyance, aggravation, inconvenience, humiliation, embarrassment, and emotional distress.**

**ANSWER:** Synchrony denies the allegations in Paragraph 37. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

Synchrony hereby alleges the following separate and distinct defenses and affirmative defenses without conceding that it necessarily bears the burden of proof or persuasion on any of the same.

### FIRST DEFENSE
(Failure to State a Claim)

The Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against Synchrony upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Waiver)

Plaintiff's claims are barred by the equitable doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE
(Consent/Acquiescence/Ratification)

Plaintiff acquiesced in, consented to and/or ratified the acts and omissions alleged in the

Complaint.

## FOURTH AFFIRMATIVE DEFENSE
(Lack of Specificity)

The claims of Plaintiff are uncertain, ambiguous, and unintelligible.

## FIFTH AFFIRMATIVE DEFENSE
(Judicial Estoppel)

Plaintiff is a debtor in bankruptcy with a Chapter 7 Petition currently pending in the Bankruptcy Court for the Eastern District of Tennessee at 3:19-bk-33128-SHB. All of the events alleged in the Complaint occurred prior to the filing of his bankruptcy petition. Plaintiff failed to schedule his claims against Synchrony on his bankruptcy petition, thus these claims are assets of the Chapter 7 Trustee for the benefit of the bankruptcy estate. Plaintiff should be barred from bringing this unscheduled litigation against Synchrony.

## SIXTH AFFIRMATIVE DEFENSE
(Prior Express Consent)

Although Synchrony denies any liability or wrongdoing alleged in the Complaint, Plaintiff's TCPA claim would also be barred because he gave prior express consent to Synchrony to contact him on his cellular phone. *See* 47 U.S.C. §227(b)(1)(a).

## SEVENTH AFFIRMATIVE DEFENSE
(Ineffective Revocation of Consent)

To the extent that Plaintiff contends that he revoked consent to call him, such revocation was ineffective under equitable principles applicable to consent and revocation.

## EIGHTH AFFIRMATIVE DEFENSE
(Consent as a Material Term of Contract)

Although Synchrony denies any liability or wrongdoing alleged in the Complaint, Plaintiff's TCPA claim is barred because Plaintiff gave prior consent to Synchrony to contact him on his cellular phone as part of the contract and that consent cannot be unilaterally revoked. *See*

*Reyes v. Lincoln Automotive Financial Services*, No. 16-2104-cv, 2017 WL 2675363 (2d Cir. June 22, 2017).

## NINTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE
(Laches)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE
(Consistent with Law and Applicable Regulations)

The Complaint and each claim set forth therein are barred because Synchrony's conduct was consistent with all applicable laws and regulations.

## TWELFTH AFFIRMATIVE DEFENSE
(Good Faith)

Plaintiff's claims are barred because Synchrony's conduct was at all times undertaken in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Bona Fide Error)

Although Synchrony denies any liability in this matter, it contends that any alleged acts or omissions giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony. Synchrony acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Synchrony.

## FOURTEENTH AFFIRMATIVE DEFENSE
(No Causation)

Plaintiff is barred, in whole or in part, from recovering from Synchrony on any of Plaintiff's

claims because there is no causal relationship between any injury alleged to have been suffered and any act of Synchrony.

### FIFTEENTH DEFENSE
(Fault of Plaintiff)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Synchrony.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Synchrony.

### SEVENTEENTH DEFENSE
(No Damages)

Plaintiff did not suffer any damages.

### EIGHTEENTH DEFENSE
(Speculative Damages)

Plaintiff's alleged damages are speculative and not capable of being determined with reasonable certainty.

### NINTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate his alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

### TWENTIETH AFFIRMATIVE DEFENSE
(Justification)

The acts and omissions alleged in the Complaint were justified, proper, legal, fair, and not done in degradation of Plaintiff's rights or legal interests.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Lack of Intent or Willfulness)

Synchrony specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(No Concrete Injury)

Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). Among other things, Plaintiff was not charged for the calls made to his cell phone and he articulates no actual damages for his TCPA claims. Plaintiff also suffered no actual concrete injury to the extent that he blocked any incoming calls from Synchrony or his phone did not ring or he chose not to answer his phone. In addition, Plaintiff suffered no separate or additional harm from the alleged use of automated calls that he would not have suffered if the calls were made manually.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Setoff)

Synchrony is entitled to an offset of the claims set forth in the Complaint sufficient to diminish or defeat the recovery thereunder by Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Preemption)

Plaintiff's claims for relief asserted under state statutory or common law theories are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, to the extent those claims are preempted by federal law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Arbitration)

Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Additional Defenses Reserved)

Synchrony has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Synchrony expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Synchrony prays:

1. That Plaintiff takes nothing by way of the Complaint;

2. That judgment be entered in favor of Synchrony Bank and against Plaintiff;

3. That Synchrony Bank be granted such other relief as the Court deems just and proper.

DATED: November 12, 2019

*s/Brandon Criswell*_____
Brandon Criswell, BPR # 036774
Stephanie Coleman, BPR #027124
Owings, Wilson & Coleman
900 S. Gay Street, Suite 800
Knoxville, TN 37902
*Attorneys for Defendant*
*Synchrony Bank*

### CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2019, a true and correct copy of the foregoing was filed electronically, and that notice of said filing is being sent by operation of the Court's

electronic filing system to all parties indicated on the electronic filing receipt.

                                                        s/ Brandon Criswell
                                                       Brandon Criswell, BPR #036774
900 S. Gay Street, Suite 800
Knoxville, TN 37902
(865) 521-3019
Attorney for Defendant